HENRY A. GRIBBON and Others, Appellants, *v.* ALBERT BACK and Others, Respondents.

*Attachment — when the affidavit may be made by an agent — Code of Civil Procedure, sec. 636.*

The affidavit which section 636 of the Code of Civil Procedure requires the plaintiff to furnish on applying for an attachment, need not be made by the plaintiff himself but may be made by an agent.

The fact that the amount claimed is due to the plaintiff, over and above all counter-claims known to him, may be established by an affidavit of the agent, where it appears from his affidavit that the plaintiffs, who reside in Great Britain, had no personal connection with the transaction set forth, and that the agent personally sold and delivered the goods.

*Cribben* v. *Schillinger* (30 Hun, 248) distinguished.

Appeal from an order made at a Special Term vacating an attachment. One of the affidavits upon which the attachment was granted, read as follows :

" William Gribbon, being duly sworn, says he is the agent of the plaintiffs herein (who reside in Great Britain), and deponent has sole charge of their business in the city of New York. That the defendants are indebted to the plaintiffs in the sum of three thousand and twenty-eight dollars and twenty-eight cents, over and above all counter-claims and set-offs known to plaintiffs or deponent, which indebtedness arose as follows : That at the city of New York and between the 6th day of July, 1884, and the 1st day of September, 1884, deponent, on behalf of and as agent for the plaintiffs, sold and delivered to the defendants goods, wares and merchandise amounting in value at prices agreed upon to the sum of three thousand two hundred and thirty-three dollars and thirty-five cents, no part of which has been paid, except the sum of two hundred and five dollars and seven cents, leaving still due and owing the sum of three thousand and twenty-eight dollars and twenty-eight cents, and the same is now unpaid. And this deponent further alleges on information and belief derived from the affidavits of Franklin Bien and Samuel H. Wood, hereto attached, that the defendants have disposed of their property with intent to cheat and defraud their creditors. No previous application of this warrant of attachment has been made."

*Franklin Bien,* for the appellants.

*Blumenstiel & Hirsch,* for respondents.

Daniels, J. :

The attachment was set aside on the authority of *Cribben* v. *Schillinger* (30 Hun, 248). The defect for that purpose, assumed to be in the affidavits, was in the statement that the amount claimed was owing to the plaintiffs over and above all counter-claims and set-offs known to them, or to the person making the affidavit. But this case is not controlled by that authority. There the affidavit was made by the attorney, who had no knowledge whatever of his own, of the transaction, out of which the indebtedness was alleged to have arisen, nor of the dealings of the parties connected with it.

While in the present case it appears, by the affidavit of the agent, that he personally sold and delivered the goods to the defendants, by which the indebtedness was created, and that the plaintiffs themselves were in no manner personally connected with the transaction. The business was carried on solely and exclusively for them by their agent in the city of New York, while they resided in Great Britain. The agent was the person, therefore, who had knowledge of all the facts out of which the indebtedness had arisen, and knew whether any counter-claims existed against it in favor of the defendants. And where the person making the affidavit bears such a relation to the transaction, and possesses that degree of knowledge as the agent is stated to have had in this instance, the authority referred to assumes that he may properly make this affidavit on behalf of his principals. Section 636 of the Code of Civil Procedure does not require that the affidavit shall be made by the plaintiff, or by one or more of several plaintiffs. All that has been required is that the requisite facts shall be shown by affidavit, that the amount claimed is over counter-claims, and that may be done by the individual through whose personal agency the property has been sold or the debt has been otherwise created, when his principals have in no way participated in the transaction. This point has been before the courts in other cases where attachments have been dismissed on account of defective or insufficient statements made by the agent. They are all distinguishable from this case, for here the business was wholly transacted by the agent on behalf of foreign principals, and he was conversant with all the facts in any manner relating to it, and was the individual by whom this statement could be most properly made.

The defendants were charged with having disposed of their property with intent to defraud their creditors. The affidavits upon which the charge was made contained statements of facts fully justifying the conclusion of its truth. Their assignment was made in October, 1884, preferring debts to the amount of about $26,000, whose existence were inconsistent with the statements previously made and repeated by them of their financial situation. One of these debts was for the sum of $15,500 to their book-keeper, while it is highly improbable that so large an indebtedness would have existed against them in his favor. Other preferences were equally

as suspicious, though not so large in amount, and purchases made by them on credit maturing the day following the assignment, have an equal tendency to indicate an intention to defraud on the part of the defendants. These charges have neither been explained, denied or qualified by the defendants, or any evidence secured in their behalf, but they stand entirely uncontradicted and were abundantly sufficient to maintain the ground upon which the attachment was issued.

The order should be reversed, with ten dollars costs besides the disbursements, and an order made denying the motion to vacate the attachment, with the usual costs.

BRADY, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.